UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-81433-CIV-COHN/SELTZER

ARMANDO ADAMES RIVAS,

    Plaintiff,

v.

EQUITYMAX, INC., BRAD EMMER,
and GREGORY EMMER,

    Defendants.
_____/

## ORDER DISMISSING CASE FOR LACK OF JURISDICTION

**THIS CAUSE** is before the Court upon Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [DE 34] and Plaintiff's Motion for Leave to File a Second Amended Complaint [DE 39].[1]  The Court has carefully reviewed these Motions and all related filings and is otherwise fully advised in the premises.

**I.      Background**

On November 18, 2014, Plaintiff filed this action relating to Defendants' judicial foreclosure of a mortgage on real property owned by Plaintiff.  See DE 1.  In his current First Amended Complaint, Plaintiff alleges that Defendants committed wrongful acts in connection with the mortgage transaction and state-court foreclosure.  See DE 30 at 2. Specifically, Plaintiff pleads claims based on the Racketeer Influenced and Corrupt Organizations Act, the Truth in Lending Act, fraudulent misrepresentation, civil theft, wrongful foreclosure, and theft by deception.  See id. at 3-6.

---

[1]  While Plaintiff has also filed a document entitled "Answer and Motion to Strike Defendant's Motion to Dismiss" [DE 35], the Court construes this filing as a Response to the Motion to Dismiss rather than as a separate motion.

Defendants have moved to dismiss the First Amended Complaint, arguing that (1) Plaintiff has not established subject-matter jurisdiction; (2) his claims are barred by waiver, res judicata, and limitations; and (3) he has stated no plausible claim for relief. See DE 34.  Plaintiff opposes the Motion to Dismiss and also seeks leave to file a Second Amended Complaint.  See DE 35; DE 39.

For the reasons discussed herein, the Court finds that it lacks subject-matter jurisdiction over this action, though not for the reasons advanced by Defendants. The Court will therefore limit its discussion to the jurisdictional issue and will not consider Defendants' other arguments.  More, because the proposed Second Amended Complaint suffers from the same jurisdictional defect as the First Amended Complaint, the Court concludes that Plaintiff's amendments would be futile.

**II.    Discussion**

Before addressing the merits of this case, the Court must determine whether subject-matter jurisdiction exists.  See Wernick v. Matthews, 524 F.2d 543, 545 (5th Cir. 1975) ("[W]e are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.  If we lack jurisdiction, it is our duty to notice that fact sua sponte.");[2] see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Subject-matter jurisdiction "involves the court's competency to consider a given type of case," so it "cannot be waived or otherwise conferred upon the court by the parties." Jackson v. Seaboard Coast Line R.R. Co., 678 F.2d 992, 1000 (11th Cir. 1982).

---

[2] Decisions of the former Fifth Circuit issued before October 1, 1981, are binding precedent in the Eleventh Circuit.  See Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

2

Under the Rooker–Feldman doctrine, a federal district court generally lacks jurisdiction to review final judgments of a state court. See D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16 (1923). Rooker–Feldman applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005). The doctrine bars claims "that were actually raised in the state court and those 'inextricably intertwined' with that state judgment." Figueroa v. MERSCORP, Inc., 766 F. Supp. 2d 1305, 1316 (S.D. Fla. 2011) (citing Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009) (per curiam)), aff'd, 477 F. App'x 558 (11th Cir. 2012) (per curiam). "A claim is inextricably intertwined if it would effectively nullify the state court judgment or [if] it succeeds only to the extent that the state court wrongly decided the issues." Casale, 558 F.3d at 1260 (citations & internal quotation marks omitted).

Here, the crux of Plaintiff's claims is that Defendants acted fraudulently in acquiring a mortgage on his property and later obtaining the Final Judgment of Foreclosure [DE 34-1] in state court. Through these wrongful acts, Plaintiff maintains, Defendants essentially stole his property. See DE 30 at 4, ¶ 18 ("[D]efendants all acted maliciously and committed the fraud of structuring the transaction in litigation with the sole purpose to defraud me of my 43 acres and steal my equity and property . . . ."); id. at 5, ¶ 21 (similar). Among other remedies, Plaintiff requests that the Court "order the [D]efendants to return back the 43 acre[s] free of any liens." Id. at 6.

Because Plaintiff challenges the validity of the foreclosure process, his claims (if successful) would effectively nullify the state court's foreclosure judgment, or would

3

at least mean that the state court wrongly entered that judgment. See Casale, 558 F.3d at 1260.  The present claims are therefore inextricably intertwined with the state judgment, and the Court lacks jurisdiction to consider them.  Further, Plaintiff's proposed Second Amended Complaint presents the same jurisdictional defect. See, e.g., DE 39 at 9, ¶ 24 (alleging that, for several reasons, Defendants "did not have any right to enforce collection of this Mortgage and Note"); id. at 10, ¶ 28 (claiming that Defendants did "not properly advertis[e] the foreclosure sale so that the property could be sold legally").  The Court thus concludes that Plaintiff's requested amendments would be futile.  See Foman v. Davis, 371 U.S. 178, 182 (1962).

### III.  Conclusion

For the reasons discussed, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. Defendants' Motion to Dismiss Plaintiff's First Amended Complaint [DE 34] is **GRANTED**;

2. Plaintiff's Motion for Leave to File a Second Amended Complaint [DE 39] is **DENIED**;

3. The above-styled action is **DISMISSED** for lack of subject-matter jurisdiction; and

4. The Clerk shall **CLOSE** this case and **DENY AS MOOT** all pending motions.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 31st day of March, 2015.

JAMES I. COHN
United States District Judge

Copies provided to:

Counsel of record

Armando Adames Rivas, pro se
6568 Cobia Circle
Boynton Beach, FL  33437